080951

STATE OF MAINE                                                UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                                              PORTLAND

                                                             Docket No. 15-2389
                              2015 OCT 27 AM 8 57

STATE OF MAINE            )
                          )
v.                        )        ORDER ON STATE'S MOTION TO COMPEL
                          )        PRODUCTION OF CELLPHONE PASSCODES
                          )
MARQUISE TRANT            )


    The Grand Jury has indicted Marquise Trant with two counts of Aggravated Trafficking

in Scheduled Drugs. (Class A). The State has also filed a request for Criminal Forfeiture of U.S.

currency. On April 9, 2015 and again on April 14, 2015 the State orchestrated two controlled

buys through a confidential informant. On both occasions the State alleges that Mr. Trant sold

crack cocaine to the confidential informant. Based on these two buys, the Maine Drug

Enforcement Agency arrested Mr. Trant on April 27, 2015. When he was arrested, the police

seized two cell phones, an iPhone 4 and iPhone 6. The State obtained a search warrant

authorizing a search of the seized cellphones for "[e]lectronically stored information including

phone numbers, names, text messages, voice recordings, photographs, video clips, date and time

stamps, and other electronic information; all of which may be contraband and evidence of the

offenses of possession, furnishing, and/or trafficking scheduled drugs which are seizable

pursuant to Maine Rule of Criminal Procedure 41 and/or Maine Rule of Civil Procedure 80I."

    The State's Drug Enforcement Agency reported on April 30, 2015 that it has been unable

to execute the search on the seized phones because they are locked. *See* Report of Eric Pfeffer at

¶1 ("In order to complete the part of the investigation I would need the pin/passcode/pattern to

unlock the above items. I'm requesting the owners of each device be compelled to release their

pin/passcode/pattern to complete this portion of the investigation"). Accordingly, by motion filed

June 11, 2015, the State "asks that this Court compel the Defendant to produce the passcodes for

each phone." Subsequent to filing its motion, the State revised its position to indicate that it does

not need a court order requiring Defendant to release his passcode, but rather seeks only that the

Court compel the Defendant to himself insert the passcodes so that the State may gain access to the phones' contents.

The court held a non-testimonial hearing on the State's Motion to Compel on June 26, 2015. Following a conference call with counsel, the Court scheduled an evidentiary hearing on the State's motion to compel on September 29, 2015.[1] Attorney Devens Hamlen appeared on behalf of Defendant. Assistant Attorney General Lea-Anne Sutton appeared on behalf of the State. The court heard testimony from the arresting officer, Detective Bradley Rogers, and from Eric Pfeffer, as well as extensive oral argument.

At hearing the State's witness testified that the State of Maine does not have the technology required to access the information on either phone without Defendant's cooperation. The State indicated that there is a federal facility in Boston that can access encrypted information on cellphones, but only by destroying the phones, adding that in any event that facility is designated for homeland security purposes, not drug investigations. The State had initially thought that one of the phones was accessible by fingerprint, but has since determined that both phones are password, not fingerprint, protected. The State also acknowledges that when it first seized the phones there may have been a window of time when it could have accessed the information stored on the phones, but decided to shut the phones down immediately after they were seized to avoid any possibility that Defendant might remotely delete or edit their contents.

Having considered the facts adduced at hearing, counsel's oral argument, Defendant's Objection to State's Motion to Compel, filed September 29, 2015, and the State's Response to Defendant's Objection, filed October 5, 2015, the court concludes as follows.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. *See also* Me. Const. art. I, § 6 ("the accused ... shall not be compelled to furnish or give evidence against himself"). It is well established that the constitutional right against self-incrimination is implicated only where there is compulsion of an incriminating testimonial communication. *See, e.g., United States v. Doe (In re Grand Jury Subpoena Duces Tecum)*, 670 F.3d 1335, 1341 (11th Cir. 2012) ("An individual must show three things to fall within the ambit of the Fifth Amendment: 1) compulsion, 2) a testimonial communication or act, and 3) incrimination"); *United States v. Authement*, 607 F.2d

---

[1] The court initially scheduled the hearing on August 11, 2015, but continued the matter at Defendant's request to allow him to have new counsel appointed.

2

1129, 1131 (5th Cir, 1979) (same). The State argues that its pending motion does not implicate Defendant's Fifth Amendment rights on the ground that "production of the passcode is not testimonial." *See* Motion to Compel Passcode. The court is not persuaded by the State's argument on this point.[2]

It follows from U.S. Supreme Court precedent that an "act of production itself qualifies as testimonial if conceding the existence, possession and control, and authenticity of the documents tend[s] to incriminate." *United States v. Doe, supra*, 670 F.3d at 1343 (citing *Fisher v. United States*, 425 U.S. 391, 410 (1976)). While a defendant may be compelled to submit to fingerprinting, photography, or the taking of measurements, and may be compelled to provide a blood sample or a handwriting or voice exemplar, forcing a defendant to produce a passcode is distinguishable, as a passcode is not akin to physical characteristic evidence, but rather is the product of mental processes. *See, e.g., id.* at 1345 ("The Fifth Amendment privilege is not triggered where the Government merely compels some physical act, *ie.*, where the individual is not called upon to make use of the contents of his or her mind"); *Commonwealth v. Baust*, 89 Va. Cir. 267, 271 ("Unlike the production of physical characteristic evidence, such as a fingerprint, the production of a password forces the Defendant to 'disclose the contents of his own mind'").

The State attempts to avoid the testimonial hurdle by suggesting that it is not interested in having Defendant disclose the passcode to them, but rather simply seeks a court order directing Defendant to open the phones so that the State may gain access to his stored information, an act that the State asserts is essentially physical. The court does not agree that in this case the Fifth Amendment issue may be avoided by requiring Defendant to himself open the phones. At its core, the privilege against self-incrimination "reflects our fierce unwillingness to subject those suspected of crime to the cruel trilemma of self-accusation, perjury or contempt." *Pennsylvania v. Muniz*, 496 U.S. 582, 596 (1990). "It is evident that a suspect is 'compelled to be a witness against himself' at least whenever he must face the modern-day analog of the historic trilemma -- either during a criminal trial where the a sworn witness faces the identical three choices, or

---

[2] The State's motion presents an issue of first impression in Maine. Moreover, despite the ubiquitous presence of cellphones today, only a few reported cases address Fifth Amendment concerns with respect to cellphone passwords. *See generally* Marjorie A. Shields, Annotation, *Fifth Amendment Privilege Against Self-Incrimination as Applied to Compelled Disclosure of Password or Production of Otherwise Encrypted Electronically Stored Data*, 84 A.L.R. 6th 251 (2015).

3

during custodial interrogation, where . . . the choices are analogous and hence raise similar concerns." *Id.* The State is asking the court to compel Defendant to give the State access to his phones, and thus Defendant is presented with the choice of acknowledging either that he indeed can access them (thus potentially incriminating himself), or lying about his inability to do so. If the court were to issue the order sought by the State, and Defendant were to fail (or were unable) to cooperate, Defendant would be subject to contempt proceedings. Accordingly, the Court does not agree that the information sought by the State is non-testimonial.[3]

Even though a passcode is a product of one's mind, and thus testimonial in nature, compelling production of a passcode does not offend the Fifth Amendment provided that the elements of the "foregone conclusion" doctrine are met. "The 'foregone conclusion' exception to the Fifth Amendment privilege against self-incrimination provides that an act of production does not involve testimonial communication where the facts conveyed are already known to the government, such that the individual 'add little or nothing to the sum total of the Government's information.'" *Commonwealth v. Gelfgatt*, 11 N.E.2d 605, 614 (Mass. 2014) (citing *Fisher v. United States*, 425 U.S. 391, 411 (1976)).

In order for the foregone conclusion to apply, the State must establish that it already has knowledge of 1) the existence of the evidence demanded; 2) the possession or control of that evidence by the defendant; and 3) the authenticity of the evidence. *Id.* Applying this analysis to the facts of this matter, the court finds that the State has failed to establish that production of the passcode would "add little or nothing to the sum total of the [State]'s information." The State knows that the iPhones exist and that they are passcode-protected. The State knows that the iPhones were found on Defendant's person, and that one of the phones belongs to Defendant's mother, who resides in Florida. The State knows that Defendant contacted the State's confidential informants by text message two weeks before his arrest, but does not know that the phones seized were the devices used by Defendant to send the text messages. The State knows

---

[3] The Court recognizes that the line between testimonial and non-testimonial is very fine, and that application of Fifth Amendment jurisprudence produces what may appear to many to be an absurd result, whereby suspects who use a four-digit password to protect information on their electronic devices are given full sanctuary, and suspects who use their fingerprint to protect information are given no sanctuary. Given the daunting task of reconciling Fifth Amendment case-law (and the values underlying that jurisprudence) with the enormous challenges posed for law enforcement by modern encryption technology, resolution of the issues posed by password-protected cellphones may need to await consideration by the U.S. Supreme Court.

4

that when Defendant was asked to give the State his passcodes he did not indicate that he did not know them; rather, Defendant asked that he be allowed to talk to his lawyer before responding to the State's request. Thus, while it is highly likely that Defendant knows the passcodes, the State does not know that Defendant has or had control over the iPhones. Furthermore, the State acknowledges that it does not know what information is stored on the phones. Accordingly, compelling either production of the passcodes or Defendant's unlocking of the phones for the State's purposes would incriminate Defendant and authenticate whatever evidence is ultimately recovered.

The State's relative lack of preexisting knowledge distinguishes this matter from those cases in which courts have found the foregone conclusion exception applicable. *See, e.g., Commonwealth v. Gelfgatt, supra,* 11 N.E.3d at 608 (holding that defendant could be compelled to provide his password to seized encrypted digital evidence "where the defendant's compelled decryption would not communicate facts of a testimonial nature to the Commonwealth *beyond what the defendant already had admitted to investigators*") (emphasis added); *Baust, supra,* 89 Va. Cir. At 271 ("the passcode is not a foregone conclusion because it is not known outside of Defendant's mind. Unlike a document or tangible thing, such as an unencrypted copy of the footage itself, if the password was a foregone conclusion, the Commonwealth would not need to compel Defendant to produce it because they would already know it"). As the 11th Circuit noted in *Doe, supra,* 670 F.3d at 1347-49, the foregone conclusion does not apply where the State "has failed to show any basis, let alone shown a basis with reasonable particularity, for its belief that encrypted files exist on the [iPhones], that [Defendant] had access to those files, or that he is capable of decrypting the files."

As stated by the U.S. Supreme Court, whether the production of evidence in response to a governmental demand is testimonial for Fifth Amendment purposes "depend[s] on the facts and circumstances of [each] particular case." *Fisher v. United States,* 425 U.S. 757 (1966); *Doe v. United States,* 487 U.S., 201, 214-15 (1988). Based on the facts and circumstances of this particular case, given the dearth of preexisting knowledge possessed by the State, the court finds that the foregone conclusion exception does not apply in these circumstances, and accordingly finds that compelling Defendant to divulge the contents of his mind -- either by compelling him to surrender the passcodes or compelling him to himself open the phones -- would violate his privilege against self-incrimination protected by the Federal and Maine Constitutions.

5

Accordingly, it is hereby ORDERED that the State's Motion to Compel Passcodes is DENIED.

DATED: 10/22/2015

E. Mary Kelly
Maine District Court Judge

6

STATE OF MAINE                              UNIFIED CRIMINAL DOCKET
CUMBERLAND, SS.        068897               DOCKET NO. CR-15-2389

STATE OF MAINE        F MAINE
                      LAND, SS               MOTION TO COMPEL
                        FFICE                PASSCODE
    vs.

MARQUISE TRANT JUN 11  AM  3.

     NOW COMES the Attorney for the State and moves this Court to compel the Defendant in this case to produce the passcodes to the telephone seized from him when he was arrested for the charges of Aggravated Trafficking in Sched. W Drugs. SA Brad Rogers of the Maine Drug Enforcement Agency has obtained a search warrant from a judge, who authorized such search because there is probable cause to search said phones. However, the State is unable to execute this search warrant because the phones are protected by passcodes that cannot be unlocked. Please see attached affidavit. Wherefore, in order to execute this search warrant, the State asks that this Court compel the Defendant to produce the passcodes for each phone. The State does not need to know what the passcode is. The State asserts that production of the passcode is not testimonial. The Defendant objects to producing the passcode. The State asks that this matter be set for a hearing on this issue.

Dated: June 8, 2015

                               Lea-Anne Sutton
                               Assistant Attorney General
                               Maine Bar Number 8186

### ORDER

Upon the State's Motion, it is hereby ORDERED that the Defendant be compelled to produce the passcode for each phone seized from him, so that law enforcement can execute a judicially authorized search warrant in this case.

Dated: _____         _____
                                Justice, Superior Court

10-26-15
See order of Kelly J
10-22-15



# Maine Drug Enforcement Agency

## Continuation Report

| Case # |
| --- |
| DE-2015-0945 |

| Author | Date of Report |
| --- | --- |
| ICSO Pfeffer, Eric R | 04/30/2015 |

## DETAILS OF INVESTIGATION:

1. Currently conducting a search warrant on phones seized as evidence by Special Agent Rogers for MDEA case DE-2015-0945, warrant sign by the Honorable Judge Powers. I am unable to unlock the following phones for examination. Each phone listed below has its owners name listed.

    a. iPhone 6 cellular phone, model A1549, gold and white in color, IMEI# 356991067963108, found on MARQUISE TRANT's person (DOB 11/09/1988)

    b. iPhone 4 cellular phone, model A1387, white in color, IC# 579C-E2430A, found on MARQUISE TRANT's person (DOB 11/09/1988)

    In order to complete the part of the investigation I would need the pin/passcode/pattern to unlock the above items. I'm requesting the owners of each device be compelled to release their pin/passcode/pattern to complete this portion of the investigation.

2. I am using the UFED Touch made by Cellebrite to perform a Physical Extraction of the above Cellular devices; which requires the devices to be unlocked. I am certified Cellebrite Operator.

## ATTACHMENTS:

## DISTRIBUTION:

## CASE STATUS:

| AUTHOR'S SIGNATURE | DATE | REVIEWER'S SIGNATURE | DATE |
| --- | --- | --- | --- |

CRIMINAL DOCKET

CUMBERLAND, ss.

Docket No   CUMCD-CR-2015-02389

**DOCKET RECORD**

DOB: 11/09/1988

| Attorney: | VERNE PARADIE | State's Attorney: | STEPHANIE ANDERSON |

Attorney:     VERNE PARADIE          State's Attorney:   STEPHANIE ANDERSON
PARADIE SHERMAN WALKER & WORDEN
11 LISBON ST SUITE 202
LEWISTON ME 04240
WITHDRAWN 08/11/2015

Attorney:     DEVENS HAMLEN
HEMINWAY HAMLEN LAW CENTER PA
22 MONUMENT SQUARE SUITE 404
PO BOX 4784
PORTLAND ME 04101
PARTIALLY INDIGENT 08/11/2015

Filing Document:   CRIMINAL COMPLAINT       Major Case Type:  FELONY (CLASS A,B,C)
Filing Date:        04/29/2015

**Charge(s)**

1   AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS       04/09/2015    PORTLAND
Seq 11550      17-A  1105-A(1)(B)(1)     Class A
ROGERS                   /   MDE
2   AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS       04/14/2015    PORTLAND
Seq 11550      17-A  1105-A(1)(B)(1)     Class A
ROGERS                   /   MDE
3   CRIMINAL FORFEITURE OF PROPERTY             04/27/2015    PORTLAND
Seq 7049      15    5826         Class U
ROGERS                   /   MDE

**Docket Events:**

04/29/2015 FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 04/29/2015

04/29/2015 Charge(s): 1,2,3
HEARING - INITIAL APPEARANCE SCHEDULED FOR 04/29/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL

04/30/2015 Charge(s): 1,2,3
HEARING - INITIAL APPEARANCE HELD ON 04/29/2015
ROLAND A COLE , JUSTICE
DA: JENNIFER ACKERMAN
Defendant Present in Court
FTR #1

04/30/2015 Charge(s): 1,2,3
PLEA - NO ANSWER ENTERED BY DEFENDANT ON 04/29/2015

04/30/2015 BAIL BOND - CASH BAIL BOND SET BY COURT ON 04/29/2015
ROLAND A COLE , JUSTICE
$25,000. W/ CONDS.

04/30/2015 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 07/15/2015 at 10:00 a.m. in Room No. 7

04/30/2015 TRIAL - JURY TRIAL SCHEDULED FOR 08/10/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL

04/30/2015 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 04/29/2015

MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 04/29/2015

04/30/2015 ROLAND A COLE , JUSTICE
FULL REIMBURSEMENT OF ATTY FEES IF RELEASED ON BAIL
04/30/2015 Party(s): MARQUISE TRANT
ATTORNEY - PARTIALLY INDIGENT ORDERED ON 04/29/2015


Attorney: VERNE PARADIE
05/11/2015 LETTER - FROM PARTY FILED ON 05/08/2015


FROM DEFENDANT REQUESTING NEW COUNSEL. COPY SENT TO ATTORNEY 5-11-15
06/11/2015 MOTION - MOTION TO COMPEL FILED BY STATE ON 06/11/2015


DA: LEA-ANNE SUTTON
TO COMPEL PASSCODE.
06/11/2015 HEARING - MOTION TO COMPEL SCHEDULED FOR 06/25/2015 at 01:00 p.m. in Room No. 1


NOTICE TO PARTIES/COUNSEL
06/11/2015 HEARING - MOTION TO COMPEL NOTICE SENT ON 06/11/2015


06/26/2015 HEARING - MOTION TO COMPEL HELD ON 06/25/2015 at 01:00 p.m. in Room No. 1
MARY KELLY , JUDGE
Attorney: VERNE PARADIE
DA: LEA-ANNE SUTTON
Defendant Present in Court
ORAL ARGUMENT. NO MEMOS NEED BE FILED. ATTORNEY PARADIE TO PROVIDE ADDITIONAL CASE LAW.
TAKEN UNDER ADVISEMENT.
06/26/2015 MOTION - MOTION TO COMPEL UNDER ADVISEMENT ON 09/29/2015 at 01:00 p.m. in Room No. 7
MARY KELLY , JUDGE
06/26/2015 CASE STATUS - CASE FILE LOCATION ON 06/25/2015
JIM PAUL TURCOTTE , ASSISTANT CLERK
CASE IS WITH JUDGE KELLY - MOTION UNDER ADVISEMENT.
07/06/2015 OTHER FILING - OTHER DOCUMENT FILED ON 07/06/2015


DA: LEA-ANNE SUTTON
CONTINUATION REPORT FROM MDEA RE: CELL PHONES
07/15/2015 HEARING - DISPOSITIONAL CONFERENCE HELD ON 07/15/2015
THOMAS D WARREN , JUSTICE
Attorney: VERNE PARADIE
DA: LEA-ANNE SUTTON
CONTINUE TO TRIAL. NEW TRIAL DATE 9-14-15.
07/15/2015 TRIAL - JURY TRIAL CONTINUED ON 07/15/2015
THOMAS D WARREN , JUSTICE
07/15/2015 TRIAL - JURY TRIAL SCHEDULED FOR 09/14/2015 at 08:30 a.m. in Room No. 11


NOTICE TO PARTIES/COUNSEL
07/16/2015 TRIAL - JURY TRIAL NOTICE SENT ON 07/16/2015


07/16/2015 Charge(s): 1,2,3
SUPPLEMENTAL FILING - INDICTMENT FILED ON 07/16/2015
SARAH HEAD , ASSISTANT CLERK
07/16/2015 Charge(s): 1,2,3
HEARING - ARRAIGNMENT SCHEDULED FOR 07/22/2015 at 01:00 p.m. in Room No. 1

07/16/2015  Charge(s):  1,2,3
HEARING - ARRAIGNMENT NOTICE SENT ON 07/16/2015

07/22/2015  Charge(s):  1,2,3
HEARING - ARRAIGNMENT NOT HELD ON 07/22/2015
JIM PAUL TURCOTTE , ASSISTANT CLERK
DEFENDANT NOT TRANSPORTED
07/22/2015  Charge(s):  1,2,3
HEARING - ARRAIGNMENT SCHEDULED FOR 07/24/2015 at 01:00 p.m. in Room No. 1

07/31/2015  LETTER - FROM PARTY FILED ON 07/29/2015

FROM DEFENDANT REGARDING COUNSEL. COPY SENT TO ATTORNEY 7-31-15
08/07/2015  HEARING - MOTION TO COMPEL SCHEDULED FOR 08/11/2015 at 09:00 a.m. in Room No. 2
MARY KELLY , JUDGE
NOTICE TO PARTIES/COUNSEL
08/07/2015  HEARING - MOTION TO COMPEL NOTICE SENT ON 08/07/2015
JIM PAUL TURCOTTE , ASSISTANT CLERK
08/11/2015  HEARING - MOTION TO COMPEL CONTINUED ON 08/11/2015
JOYCE A WHEELER , JUSTICE
Attorney: PATRICK NICKERSON
DA: LEA-ANNE SUTTON
IN CAHMBERS ORAL MOTION TO WITHDRAW GRANTED. ATTY. PARADIS OFFICE TO NOTIFY COURT OF THE
NAME OF ATTTORNEY TO BE APPOINTED. CASE TENATIVELY SET 9-21-15.
08/11/2015  Charge(s):  1,2,3
HEARING - ARRAIGNMENT HELD ON 07/24/2015
THOMAS D WARREN , JUSTICE
Attorney: PATRICK NICKERSON
DA: HANNAH MAY
Defendant Present in Court
DEFENDANT INFORMED OF CHARGES.                                                            FTR 1
08/11/2015  Charge(s):  1,2,3
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 07/24/2015

08/11/2015  BAIL BOND - CASH BAIL BOND CONTINUED AS SET ON 07/24/2015
THOMAS D WARREN , JUSTICE
08/11/2015  TRIAL - JURY TRIAL CONTINUED ON 08/11/2015

08/11/2015  CASE STATUS - CASE FILE RETURNED ON 08/11/2015

08/11/2015  CASE STATUS - CASE FILE LOCATION ON 08/11/2015

ON MARIAH'S SHELF FOR RESPONSE FROM ATTY. PARADIS'S OFFICE WITH NAME OF ATTORNEY THAT
SHOULD BE APPOINTED.
08/24/2015  MOTION - MOTION FOR WITHDRAWAL OF CNSL MADE ORALLY BY DEF ON 08/11/2015
MARY KELLY , JUDGE
08/24/2015  MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 08/11/2015
MARY KELLY , JUDGE
COPY TO PARTIES/COUNSEL
08/24/2015  Party(s):  MARQUISE TRANT
ATTORNEY - WITHDRAWN ORDERED ON 08/11/2015

Attorney: VERNE PARADIE
08/24/2015 Party(s):  MARQUISE TRANT
ATTORNEY - PARTIALLY INDIGENT ORDERED ON 08/11/2015


Attorney: DEVENS HAMLEN
08/24/2015 HEARING - MOTION TO COMPEL SCHEDULED FOR 09/08/2015 at 01:00 p.m. in Room No. 1


NOTICE TO PARTIES/COUNSEL
08/24/2015 HEARING - MOTION TO COMPEL NOTICE SENT ON 08/24/2015


08/26/2015 LETTER - FROM PARTY FILED ON 08/26/2015


FROM DEFENDANT REQUESTING A NEW ATTORNEY. COPY SENT TO ATTORNEY 8-26-15
09/03/2015 HEARING - MOTION TO COMPEL NOT HELD ON 09/03/2015


09/03/2015 HEARING - MOTION TO COMPEL SCHEDULED FOR 09/29/2015 at 01:00 p.m. in Room No. 7
MARY KELLY , JUDGE
NOTICE TO PARTIES/COUNSEL
09/03/2015 HEARING - MOTION TO COMPEL NOTICE SENT ON 09/03/2015


09/29/2015 CASE STATUS - CASE FILE RETURNED ON 09/29/2015


09/29/2015 HEARING - MOTION TO COMPEL HELD ON 09/29/2015
MARY KELLY , JUDGE
Attorney: DEVENS HAMLEN
DA: LEA-ANNE SUTTON
STATE CALLS BRAD ROGERS AND ERIC PFEFFER. TESTIMONY AND CROSS EXAMINATION HELD. AAG SUTTON
TO FILE RESPONSE TO DEFENSE COUNSEL'S OPPPOSITION TO MOTION TO COMPEL WITHIN 7 DAYS. FTR 7
09/29/2015 CASE STATUS - CASE FILE LOCATION ON 09/29/2015


IN JUDGE KELLY'S CHAMBERS.
09/29/2015 TRIAL - JURY TRIAL SCHEDULED FOR 11/16/2015 at 08:30 a.m. in Room No. 11


NOTICE TO PARTIES/COUNSEL
10/02/2015 BAIL BOND - $25,000.00 CASH BAIL BOND FILED ON 10/02/2015


Bail Receipt Type: CR
Bail Amt: $25,000
Receipt Type: CK
Date Bailed: 09/30/2015       Prvdr Name: JOYCE DEES
                              Rtrn Name: JOYCE DEES
409                           3RD PARTY DOB 7-8-60
10/05/2015 OTHER FILING - OTHER DOCUMENT FILED ON 10/05/2015


STATE'S RESPONSE TO THE DEFENDANT'S OBJECTION TO THE STATE'S MOTION TO COMPEL.
10/27/2015 ORDER - COURT ORDER FILED ON 10/27/2015
MARY KELLY , JUDGE
ORDER ON STATE'S MOTION TO COMPEL PRODUCTION OF CELLPHONE PASSCODES      THE STATE'S MOTION
TO COMPEL PASSCODES IS DENIED.
10/27/2015 CASE STATUS - CASE FILE RETURNED ON 10/27/2015

RETURNED TO PENDING SHELF
10/27/2015   MOTION -  MOTION TO COMPEL DENIED ON 10/27/2015

MARY  KELLY , JUDGE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:
Clerk